UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI)

CASE NO. 20-23402-CIV-MARTINEZ-BECERRA

LEON GOLDSTEIN,

    Plaintiff,

v.

OLEG FIRER, IGOR "GARY" GELMAN, and
STAR EQUITIES, LLC

    Defendants.
_____/

OLEG FIRER, and IGOR "GARY" GELMAN,

    Counter-Plaintiffs,

v.

LEON GOLDSTEIN,

    Counter-Defendant,
_____/

**DEFENDANTS' EXPEDITED MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL**

    Defendants OLEG FIRER (**"Firer"**), IGOR "GARY" GELMAN (**"Gelman"**), and STAR EQUITIES, LLC (**"Star Equities"**) (collectively **"Defendants"**), by and through their undersigned counsel, hereby file this Expedited Motion to Dismiss Plaintiff's Complaint (the **"Complaint"**) filed by Leon Goldstein (**"Goldstein"**) and for Unopposed Motion for Continuance of Trial, pursuant to S.D. Fla. L.R. 7.1(d)(2), S.D. Fla. L.R. 7.6, Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(h)(3), and in support, state as follows:

**STATEMENT OF FACTS**

Plaintiff's Amended Complaint (ECF No. 26) asserts two federal law claims (**Count I** for "Violation of the Securities Exchange Act of 1934 15 U.S.C. § 78j(b); Rule 10b-5; 17 C.F.R. §240.10b-5" and **Count II** for "Liability of Controlling Persons, 15 U.S.C. § 78t"). *Id.* Plaintiff's remaining claims in this case are state law claims. ECF No. 26 at Counts III-IV. Plaintiff asserted this Court has pendent jurisdiction over Plaintiff's state law claims. ECF No. 26 ¶ 26. Counter-Plaintiff's counterclaims are state law claims. ECF No. 66.

On June 25, 2021, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 31. That Motion sought to dismiss Goldstein's Amended Complaint based on, among other things, that Goldstein's federal securities claims (Counts I and II) were seeking an impermissible extraterritorial application. *Id.* at 11-14. However, based on the allegations in the Amended Complaint, Defendant's Motion to Dismiss was denied on May 2, 2022. ECF No. 74.

On July 15, 2022, Defendants filed a Motion for Summary Judgment that sought summary judgment as to Plaintiff's securities claims because they seek an impermissible extraterritorial application. ECF No. 89 at 4.

On November 16, 2022, the Magistrate Judge entered a Report and Recommendation that recommends, among other things, that Defendants' Motion for Summary Judgment be GRANTED as to Counts I and II on the ground that they exert an impermissible extraterritorial application of the federal securities laws. ECF No. 111 at 15 ("**Report and Recommendation**"). On November 23, 2022, Plaintiff filed an Objection to the Report and Recommendation that asks the Court to retain Counts I and 2 and permit this case to proceed to trial. ECF No. 112 ("**Objection**").

Trial is scheduled to commence on December 5, 2022. ECF No. 105.

As correctly noted by the Magistrate Judge, if the Court adopts the Report and Recommendation, the only remaining claims in this case would be state law claims. ECF No. 111 at 15 fn 3. Plaintiff's Objection acknowledges that if his federal claims remain dismissed, then the

law "strongly encourage" that the remaining state law claims be dismissed without prejudice rather than be tried in this Court. ECF No. 112 at 8.

As set forth below, Defendants request an expedited ruling on their Motion for Continuance by November 28, 2022. Defendants request a continuance of the trial presently scheduled for December 5, until after the Court decides whether to adopt the Report and Recommendation. Plaintiff does not oppose this request for a continuance because they do not object to a motion for continuance pending resolution of their objection to the Report and Recommendation.

## STANDARD OF REVIEW

If "the court determines at any time that it lacks subject-matter jurisdiction, **the court must dismiss the action**." Fed. R. Civ. P. 12(h)(3) (emphasis added). "[C]ourts may dismiss cases for 'lack of subject-matter jurisdiction' at any time." *Reboot Macon, LLC v. United States*, No. 5:21-CV-221 (MTT), 2022 WL 4872480, at *2 (M.D. Ga. Oct. 3, 2022) (citing Fed. R. Civ. P. 12(b)(1)); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006)("The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment").

This Court's Local Rules provide that a party who "requires an expedited ruling by a date certain may file an expedited motion in lieu of an emergency motion. The motion must include the words 'Expedited Motion' in the title and must set forth in detail the date by which an expedited ruling is needed and the reason the ruling is needed by the stated date." S.D. Fla. L.R. 7.1(d)(2).

Federal Rule of Civil Procedure 16 states that a court may include dates for pretrial conference and for trial and other appropriate matters, and explicitly permits that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "

This Court's Local Rule 7.6 states that "A continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances. No such continuance will be granted on stipulation of counsel alone. However, upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause, a continuance may be granted by the Court."

**I.  DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED ON THE BASIS OF LACK OF SUBJECT MATTER JURISDICTION.**

United States Code section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C §1367(a). However, the district courts "may decline to exercise supplemental jurisdiction over a claim…if…the claim substantially predominates over the claim or claims over which the district court has original jurisdiction…[or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C §1367(c)(2)(3).

The Supreme Court of the United States of America has declared that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *Perez v. Midland Nat'l Life Ins. Co.*, No. 1:19-CV-23650, 2021 WL 1558646, at *2 (S.D. Fla. Apr. 21, 2021). "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." *Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803

4

F.3d 518, 540 (11th Cir. 2015). This is because "[s]tate courts, not federal courts, should be the final arbiters of state law in our federalist system." *Id*.

In this case, it is undisputed that if the Court adopts the Magistrate Judge's Report and Recommendation, the only remaining claims in this case would be state law claims. ECF No. 111 at 15 fn 3. Plaintiff's Objection acknowledges that if his federal claims remain dismissed, then the law "strongly encourage" that the remaining state law claims be dismissed without prejudice rather than be tried in this Court. ECF No. 112 at 8.

Accordingly, as guided by the Eleventh Circuit, this Court should "dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d at 1089; *see also Walker v. Sun Tr. Bank of Thomasville, GA*, 363 F. App'x 11, 16 (11th Cir. 2010) (finding that the court could properly sua sponte dismiss claims for lack of subject matter jurisdiction because the court dismissed the only claim over which it had original jurisdiction); Fed. R. Civ. P. 12(h)(3) (if "the court determines at any time that it lacks subject-matter jurisdiction, **the court must dismiss the action**.") (emphasis added).

## II. DEFENDANTS' REQUEST FOR CONTINUANCE SHOULD BE GRANTED.

An expedited ruling is needed by November 28, 2022. The reason an expedited ruling is needed by November 28, 2022, is because the parties have calendar call scheduled for December 1, 2022, trial is scheduled to commence on December 5, 2022 (ECF No. 105), and there are deadlines associated with calendar call and trial. As set forth above in Section I, if the Court adopts the Report and Recommendation, then the Court should dismiss the case and the case should not proceed to trial with this Court. It is in the best interests of the parties, justice, and judicial economy for Plaintiff and Defendants to know whether this Court will dismiss this case, and there will not be a trial on December 5, because this Court lacks subject matter jurisdiction.

In the case of *Davis v. Princeton Homes, Inc.*, No. 09-14162, 2009 WL 10666938, at *2 (S.D. Fla. Aug. 10, 2009), the Court granted a party's request for a continuance of a statute conference based on the party's argument that a pending motion for summary judgment may dispose of the case. See, *Davis v. Princeton Homes, Inc.*, No. 09-14162, 2009 WL 10666938, at *2 (S.D. Fla. Aug. 10, 2009). Similarly, good cause for a continuance of the trial exists here, because if the Court adopts the Report and Recommendation (which it should), then the Court should dismiss the case and the case should not proceed to trial because this Court lacks subject matter jurisdiction. Accordingly, Defendants respectfully request that the Court grant this motion for a continuance, and rule on it in an expedited manner, such that the parties may avoid fees, costs, time, and effort preparing for trial in a potentially improper forum.

## Local Rule 7.01(a)(3) Certification

Defendants sought to confer with Plaintiff by email on November 21, 2022, November 22, 2022, and then conferred by email on November 23, 2022.

In response, on November 23, 2022, Plaintiff stated, by email, that they will not object to a motion for continuance pending resolution of Plaintiff's Objection to the Report and Recommendation. On November 23, 2022, Plaintiff stated, by email, that they believe the Court has discretion to dismiss the case if the Report and Recommendation is adopted.

WHEREFORE, Defendants respectfully request that this Court enter an order (1) dismissing this case and/or (2) continuing and canceling the trial scheduled for December 5, 2022, and rescheduling the trial to a date after disposition of Plaintiff's Objection, if appropriate, and such other and further relief as this Court deems just and proper.

Dated: November 23, 2022                                             Respectfully submitted,

                                                           By:   s/Steven D. Weber
                                                                 Steven D. Weber
                                                                 Fla. Bar. No.: 47543
                                                                 **WEBER LAW P.A**

*Attorneys for Defendants / Counter-Plaintiffs*
777 Brickell Avenue
Suite 500
Miami, FL 33131
Tel: (305) 377-8788
steve@weberlawpa.com
service@weberlawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day November, 2022, a copy of the foregoing has been served via the Court's CM/ECF Portal to:

Sergiu Gherman
Fla. Bar No. 37031
sgherman@ghermanlaw.com
Gherman Legal Pllc
25 SE 2nd Ave. Ste. 808
Miami FL 33131-1603

*Attorney for Plaintiff*

Paul Aiello
Florida Bar No. 0909033
BENNETT & AIELLO
3471 Main Highway, Suite 206
Coconut Grove, Florida 33133-5929
Phone: (305) 358-9011
Facsimile: (305) 358-9012
paiello@bennettaiello.com

*Attorney for Plaintiff*

By: s/Steven D. Weber
      Steven D. Weber