UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-23402-CIV-MARTINEZ-BECERRA

LEON GOLDSTEIN,

    Plaintiff/Counter-Defendant,

v.

OLEG FIRER, *et al.*,

    Defendants/Counter-Plaintiffs.

_____/

## FINAL ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** came before this Court on Defendants' Expedited Motion to Dismiss the Complaint and Unopposed Motion for Continuance of Trial (the "Motion"), (ECF No. 113). This Court has reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully advised of the premises. Accordingly, after careful consideration, the Motion is **GRANTED IN PART** and **DENIED IN PART** as **MOOT**, and this case is **DISMISSED WITHOUT PREJUDICE**, for the reasons set forth herein.

Pertinent to the Motion, on June 11, 2021, Plaintiff filed his Amended Complaint, which alleges two counts related to alleged violations of the Securities Exchange Act of 1934 (Counts I and II), one count related to alleged violations of Florida's Securities Investor Protection Act (Count III), and one count of common law fraudulent misrepresentation (Count IV). (Am. Compl. 5–10, ECF No. 26.) The Parties are not completely diverse in citizenship for jurisdictional purposes. (*See id.* ¶ 2 ("Plaintiff . . . is an individual residing in Florida."); *id.* ¶ 5 ("Defendant STAR EQUITIES LLC is a Florida limited liability company doing business within this District.")); 28 U.S.C. § 1332. Therefore, this Court only had subject-matter jurisdiction over this

case pursuant to Plaintiff's claims arising under the Securities Exchange Act of 1934, Counts I and II. *See* 28 U.S.C. § 1331. At the time Plaintiff filed the Amended Complaint, this Court had supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a). At the time of filing, this Court also had supplemental jurisdiction over Defendant's Amended Counterclaim, (ECF No. 66), which alleged two compulsory state law claims against Plaintiff: breach of contract and tortious interference. *See* § 1367(a); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.").

On July 15, 2022, Defendants filed their Motion for Summary Judgment, which sought final summary judgment on all of Plaintiff's claims. (ECF No. 89.) On November 16, 2022, Magistrate Judge Becerra issued a Report and Recommendation, which recommended that the Motion for Summary Judgment be granted in part as to Counts I and II and denied in part as to Counts III and IV. (ECF No. 111.) Plaintiff then filed his objections to the Report and Recommendation, (ECF No. 112), and Defendant filed the Motion, (ECF No. 113), without objecting to the Report and Recommendation.

On November 29, 2022, this Court adopted the Report and Recommendation, overruled Plaintiff's objections thereto, and granted judgment as a matter of law as to Counts I and II in Defendants' favor. (ECF No. 115.) Therefore, only Plaintiff's state law claims and Defendants' state law counterclaims remain. Absent any basis for subject-matter jurisdiction, the Amended Complaint, (ECF No. 26), and Amended Counterclaim, (ECF No. 66), must be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)).

2

While this Court has supplemental jurisdiction over claims that "are so related to the claims in the action within [a court's] original jurisdiction that they form part of the same case or controversy[,] § 1367(a), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[,]" *id.* § 1367(c)(3). The Supreme Court has held that, "if federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). But whether "to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 537 (11th Cir. 2015) (citing *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). Even still, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney*, 370 F.3d at 1089 (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

After careful consideration of all the factors pertinent to whether this Court should retain supplemental jurisdiction over the Parties' state law claims, this Court finds that the balance of factors weigh in favor of declining supplemental jurisdiction:

Both judicial economy and comity are typically "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (citing *Baggett*, 117 F.3d at 1352). Moreover, "the remaining state court claim[s] can quickly be presented for adjudication" in state court. *See Stalley v. Cumbie*, 586 F. Supp. 3d 1211, 1249

3

(M.D. Fla. 2022) (citing *Jaconobi v. KPMG, LLP*, 314 F. Supp. 2d 1172, 1181 (M.D. Fla. 2004)). Accordingly, these factors strongly favor dismissing the claims without prejudice so Plaintiff can refile his claim in a venue with a closer connection to the facts and applicable law.

Whether proceeding in state court would be more convenient for the Parties neither weighs in favor nor against declining supplemental jurisdiction. The Parties are all domiciled in Florida and conduct business in this District, so proceeding in state court, absent evidence to the contrary, is likely just as convenient for the Parties as proceeding in this Court.

Last, the fact that dismissal without prejudice would not be unfair to the Parties weighs in favor of declining supplemental jurisdiction. While requiring the Parties to relitigate this case in state court could be burdensome, the Parties have benefitted from extensive discovery in this case and will not have to relitigate their claims from the beginning. To this end, the Parties "are free to use evidence obtained during discovery to pursue their state-law claims in a proper forum." *See Ameritox, Ltd.*, 803 F.3d at 539 (citing *Annilli v. Panikkar*, 200 F.3d 189, 203 (3d Cir. 1999)). Most importantly, however, declining supplemental jurisdiction will not affect the statute of limitations on Plaintiff's state court claims and Defendant's counterclaims as section 1367 tolls the running of the statute of limitations over those claims during the pendency of this case. *See* § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."). Moreover, Plaintiff acknowledged "that if his federal claims remain dismissed, the [Eleventh] Circuit and the U.S. Supreme Court[] 'strongly encourage' that the remaining state law claims be dismissed without prejudice rather than tried in this Court." (ECF No. 112 at 8.)

Therefore, Counts III and IV of the Amended Complaint and Counts I and II of the

Amended Counterclaim are dismissed without prejudice. Plaintiff is free to sue and assert the state court claims raised in Counts III and IV of the Amended Complaint against Defendants in an appropriate state court. Defendants may likewise reassert the claims raised in their Amended Coounterclaim against Plaintiff in an appropriate state court. Hence, to the extent Defendants request a continuance of the trial in this case, the Motion is denied in part as moot.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 113), is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. Counts III and IV of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

3. All pending deadlines and hearings, including Calendar Call and Trial, are **CANCELLED**.

4. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this **30** day of November, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record